IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIE WANG, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 2019 CV 03270 |
| ) | |
| HOWARD CHUEH; CHICAGO POLICE ) | Hon. Edmund E. Chang |
| OFFICER MICHELLE CHERESO, STAR ) | Courtroom 2119 |
| #19179; CHICAGO POLICE OFFICER ) | |
| DOLLIE FRILOUX, STAR # V11709; ) | Mag. Judge Jeffrey Cole |
| CHICAGO POLICE SGT. TIM BRIDGES, ) | |
| STAT #1407, individually and as ) | |
| Employees/agent of the city of Chicago; ) | |
| and CITY OF CHICAGO, a Municipal ) | |
| Corporation, ) | |
| ) | |
|     Defendants, ) | |

**DEFENDANT HOWARD CHUEH'S <u>AMENDED</u> ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES the Defendant HOWARD CHUEH "CHUEH"), by and through Herman J. Marino and the Law Offices of HERMAN J. MARINO, and in and for his ANSWER AND AFFIRMATIVE DEFENSES to the Plaintiff's Second Amended Complaint, states as follows:

**PARTIES**

1. This is an action civil damages for the deprivation of Plaintiff's Constitutional rights and physical and emotional injuries brought under Illinois State Law and 42 U.S.C. Section 1983.

**ANSWER:** Denied.

2. On or before August 22, 2015 and at all relevant times herein, PLAINTIFF, JULIE WANG, was an individual who was living in Chicago, Cook County, Illinois.

**ANSWER:** CHUEH has no basis to admit or deny this allegation and demand strict proof thereof.

1

3. That on and prior to August 22, 2015, and at all relevant times herein, Defendant, CITY OF CHICAGO, was a municipal corporation, organized under the laws of the State of Illinois.

**ANSWER:** Admit.

4. That on and prior to August 22, 2015, and at all relevant times herein, Defendant, CITY OF CHICAGO, maintained a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

**ANSWER:** Admit.

5. On or before August 22, 2015 and at all relevant times herein, the Defendants, CHICAGO POLICE OFFICER MICHELLE CHERESO, STAR #19179; CHICAGO POLICE OFFICER DOLLIE FRILOUX, STAR #11709 and CHICAGO POLICE SGT. TIM BRIDGES STAR #1407 (hereinafter referred to collectively as "DEFENDANT OFFICERS") were employed by the City of Chicago. The City of Chicago acts through the actions of its employee agents.

**ANSWER:** Admit.

6. On and before August 22, 2015 and at all relevant times herein, the Defendant, HOWARD CHUEH was an individual who at all times relevant hereto was living in Chicago, Cook County, Illinois.

**ANSWER:** Admit.

## FACTUAL SUMMARY

**Plaintiff is beaten by Defendant Chueh.**

7. On August 22, 2015, PLAINTIFF went to DEFENDANT CHUEH's apartment located at 630 Franklin Avenue in Chicago.

**ANSWER:** Admit.

8. On and before August 22, 2015, PLAINTIFF and DEFENDANT CHUEH were in a dating relationship.

**ANSWER:** Denied.

9. That on August 22, 2015, the PLAINTIFF was attached and beaten by DEFENDANT CHUEH, who held her down and beat her with his fists while in DEFENDANT CHUEH'S apartment located at 630 N. Franklin avenue in Chicago.

**ANSWER:**   Denied.

10.   That on August 22, 2015, DEFENDANT CHUEH struck the PLAINTIFF about the head and body with his fists causing her right eye to be swollen shut with a fractured orbital, a hemorrhage in her left eye and multiple contusions and abrasions about her face and body.

**ANSWER:**   Denied.

11.   The PLAINTIFF went to the lobby of DEFENDANT CHUEH's building, where the doorman called 911 and took photos of PLAINTIFF's injuries.

**ANSWER:**   CHUEH admits that PLAINTIFF went to the lobby and has no basis to admit or deny the remaining allegations of this paragraph, to which CHUEH demands strict proof thereof.

**Defendant Officers fabricate evidence**

12.   The DEFENDANT OFFICERS arrived at 630 N. Franklin in response to the 911 call.

**ANSWER:**   Admit.

13.   PLAINTIFF identified herself as the battery victim to the DEFENDANT OFFICERS on the scene and that she had been attached and beaten by DEFENDANT CHEUH.

**ANSWER:**   Denied.

14.   PLAINTIFF repeatedly told the DEFENDANT OFFICERS that she wanted to press charges against DEFENDANT CHUEH.

**ANSWER:**   Denied.

15.   The DEFENDANT OFFICERS went up to DEFENDANT CHUEH's apartment and requested he come down to the lobby.

**ANSWER:**   Denied.

16.   The DEFENDANT OFFICERS saw that DEFENDANT CHUEH had no injuries.

**ANSWER:**   CHUEH has no basis to admit or deny what the Defendant Officers saw and demands strict proof thereof.

17.   On information and belief, the DEFENDANT OFFICERS and DEFENDANT CHUEH reached an understanding and engaged in a course of conduct and conspired to intimidate, deter and otherwise prevent the arrest and otherwise undermine the criminal prosecution of DEFENDANT CHUEH.

**ANSWER:** Denied.

18. In furtherance of the agreement made between and among the DEFENDANT OFFICERS and DEFENDANT CHUEH, the DEFENDANT OFFICERS set about on a concerted and deliberate effort to prevent and undermine the PLAINTIFF from successfully prosecuting criminal charges against DEFENDANT CHEUH. Specifically, the DEFENDANT OFFICERS failed to conduct any legitimate investigation into the beating of the PLAINTIFF and instead focused a sham investigation on the conduct of the PLAINTIFF, fabricated evidence, falsified reports, and provided false information to detectives and prosecutors.

**ANSWER:** Denied.

19. As a result of the misconduct of the DEFENDANT OFFICERS, including but not Limited to, provided false and perjured testimony regarding the behavior of the PLAINTIFF, DEFENDANT CHEUH was able to escape criminal liability for the beating of the PLAINTIFF on April 27, 2017.

**ANSWER:** Denied.

## COUNT I
## (Battery-DEFENDANT CHEUH)

20. PLAINTIFF re-alleges and incorporates paragraphs 1 through 19 above.

**ANSWER:** CHUEH restates his answer to paragraphs 1 through 19, both inclusive, as though fully set forth as his answer to this paragraph 20.

21. That on or about August 22, 2015, the DEFENDANT CHUEH, without any cause or provocation and with intent to do bodily harm to the PLAINTIFF, did severely harm and batter the PLAINTIFF by holding her down and striking her with his fists multiple times in the face, head and body in the DEFENDANT CHUEH's residence at 630 N. Franklin Avenue, Chicago, Cook County, Illinois.

**ANSWER:** Denied.

22. PLAINTIFF has pled no paragraph 22 and therefore CHUEH makes no answer thereto.

**ANSWER:** Denied.

23. That as a direct and proximate result of the intentional acts of DEFENDANT CHEUH, the PLAINTIFF suffered severe and permanent physical and emotional injuries.

**ANSWER:** Denied.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on this Count I; denying all relief requested in Count I; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

**COUNT II**
**(Intentional Infliction of Emotional Distress-DEFENDANT CHEUH)**

24.     PLAINTIFF re-alleges and incorporates paragraphs 1 through 19 above.

**ANSWER:**     CHUEH restates his answer to paragraphs 1 through 19, both inclusive, as though fully set forth as his answer to this paragraph 24.

25.     The acts and conduct of DEFENDANT CHEUH in beating the PLAINTIFF with his fists on August 22, 2015, causing her right eye to be swollen shut with a fractured orbital, a hemorrhage in her left eye and multiple contusion and abrasions about her face and body, were both extreme and outrageous.

**ANSWER:**     Denied.

26.     By severely beating the PLAINTIFF with his fists, DEFENDANT CHEUH intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to the PLAINTIFF.

**ANSWER:**     Denied.

27.     DEFENDANT CHEUH'S actions and conduct did directly and proximately cause severe emotional distress to PLAINTIFF and thereby constituted intentional infliction of emotional distress.

**ANSWER:**     Denied.

28.     The misconduct of DEFENDANT CHEUH in beating the PLAINTIFF with his fists about her face and body was undertaken with malice, willfulness, and reckless Indifference to the PLAINTIFF.

**ANSWER:**     Denied.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on this Count II; denying all relief requested in Count II; and awarding

Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

## COUNT III
### (Conspiracy-ALL DEFENDANTS)

29. PLAINTIFF re-alleges and incorporates paragraphs 1 through 19 above.

**ANSWER:** CHUEH restates his answer to paragraphs 1 through 19, both inclusive as though fully set forth as his answer to this paragraph 24.

30. The individual DEFENDANTS, acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct, and otherwise conspired among and between themselves to violate the PLAINTIFF's constitutional rights and rights under Illinois law.

**ANSWER:** Denied.

31. In furtherance of the conspiracy, the DEFENDANTS took overt acts including, but not limited to:

    (a) Providing false information to detectives and prosecutors;

    (b) Falsifying reports; and

    (c) Providing false testimony under oath.

**ANSWER:** Denied.

32. As a proximate result of the fabricated reports and misconduct of the DEFENDANTS described herein and above, the PLAINTIFF has suffered and will in the future continue to suffer injuries of a personal ad pecuniary nature.

**ANSWER:** Denied.

33. The misconduct of the DEFENDANT OFFICERS as described in this Count was conducted within the scope of their employment with DEFENDANT CITY OF CHICAGO such that the CITY is responsible for their conduct.

**ANSWER:** Denied.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on this Count III; denying all relief requested in Count III; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

## COUNT IV
### (Deprivation of rights-DEFENDANT OFFICERS)

CHUEH makes no answer to Count V since the allegations are not directed at him and it seeks no relief against him.

## COUNT V
### (Indemnification)

CHUEH makes no answer to Count V since the allegations are not directed at him and it seeks no relief against him.

## AFFIRMATIVE DEFENSES

Now comes the Defendant, HOWARD CHEUH, by and through his attorney, Herman J. Marino and the Law Offices of Herman J. Marino, Ltd., P.C. and arguing in the alternative, without prejudice to the answers and denials set forth herein, affirmatively states the following Defenses

## FACTS COMMON TO AFFIRMATIVE DEFENSES

1. Any physical contact that CHUEH had with WANG which resulted in any injuries alleged in the complaint was reasonable, necessary, and legally justified as self-defense.

2. Any injury that WANG sustained was the result of WANG'S own actions, including her willful and wanton conduct.

3. Any physical contact CHUEH had with WANG was the result of WANG'S provocation and WANG voluntarily engaged in the physical interaction with WANG alleged in the Complaint.

4. CHUEH was acting in defense of self at the time that he had any physical contact with WANG.

5. WANG was the initial aggressor of the physical altercation which resulted in her alleged injuries.

6. CHUEH used that force which was necessary to defend himself from the physical assault and/or battery of WANG.

7. WANG was intoxicated at the time of the occurrence alleged in the Complaint on August 22, 2015.

8. In order to induce the City of Chicago to charge CHUEH with aggravated domestic battery, on August 24, 2015, Wang submitted a sworn statement in which she made the following false statements, which were false when made and which she knew to be false when made: (i) That CHUEH and she had been dating for over a month; (ii) that during the incident that occurred on August 22, 2015 CHUEH call her a "slut" and threatened to "crush her face."; (iii) that CHUEH grabbed her by the hair and began punching her with a closed fist; (iv) that she had only one drink and was not under the influence of alcohol.

9. In addition, to induce the City of Chicago to charge CHUEH with aggravated domestic battery, WANG submitted false statements to authorities stating that she resided at 800 South Wells. These statements were false and know by WANG to be false since at all relevant times in August 2015 WANG resided at 2252 West Ainslie, Unit 1, Chicago, Illinois 60625. These false statements were made to Detective Salazar on August 23, 2015 and in the sworn statement she gave to the Police on August 24, 2015 and in her verified petition for protective order filed November 11, 2015.

10. In her testimony at the criminal trial on April 27, 2017, Wang presented no evidence that she was in a dating or domestic relationship with CHUEH.

11. At the trial on April 27, 2017, the State put forth no evidence of a dating relationship between Wang and CHUEH or any other relationship that constitutes a "domestic relationship."

12. In her testimony at the criminal trial, Wang changed her testimony as whether she was intoxicated on August 22, 2015.

13. In her testimony at the criminal trial, Wang changed her testimony as whether she initiated the physical contact with the CHUEH on August 22, 2015.

14. At the conclusion of the trial on April 27, 2017, the trial court entered directed findings in favor of CHUEH on the charge of domestic battery, finding that no evidence had been presented of a dating relationship or domestic relationship between CHUEH and WANG

15. At the conclusion of the trial on April 27, 2017, the trial court found CHUEH not guilty of the charge of aggravated assault upon WANG.

**FIRST AFFIRMATIVE DEFENSE**
**(SELF-DEFENSE)**

1. CHUEH repeats, realleges, and incorporates paragraphs one (1) through fifteen (15) of the Facts Common to All Affirmative Defense with the same force and effect as though fully set forth herein.

2. At all times during his physical interaction with WANG, CHUEH was acting in self-defense.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all relief requested in the Second Amended Complaint; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

**SECOND AFFIRMATIVE DEFENSE**
**(MUTUAL COMBAT)**

1. CHUEH repeats, realleges, and incorporates paragraphs one (1) through fifteen (15) of the facts. Common to All Affirmative Defense with the same force and effect as though fully set forth herein.

2. In the alternative to the other affirmative defenses and answers pled herein, CHUEH alleges that WANG had full knowledge of the risks involved in the mutual combat activity which she engaged; that WANG voluntarily assumed all the risks incident to the activity engaged in the times and places mentioned in the Complaint, and that the loss or damage, if any, sustained by plaintiff was caused by those risks, which were accepted and voluntarily assumed by plaintiff when she engaged in the activity.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all relief requested in the Second Amended Complaint; and awarding Defendant all of his costs

9

incurred in Defending this action, including reasonable attorney's fees as allowed by law; and

providing such further and other relief that this Court of the jury deems equitable and just.

### THIRD AFFIRMATIVE DEFENSE
### (PROVOCATION)

1. CHUEH repeats, realleges, and incorporates paragraphs one (1) through fifteen (15) of thru Facts Common to All Affirmative Defense with the same force and effect as though fully set Forth herein.

2. In the alternative to the other affirmative defenses and answers pled herein, WANG Provoked the physical contact with CHUEH which resulted in WANG'S alleged injuries.

3. WANG assumed a hostile attitude towards CHUEH accompanied by overt acts of hostility, physically threatened CHUEH, provoked CHUEH to engage in physical contact with her, and brought on the occurrence which resulted in WANG'S alleged injuries.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all relief requested in the Second Amended Complaint; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

### FOURTH AFFIRMATIVE
### (COMPARATIVE NEGLIGENCE/FAULT)

1. CHUEH repeats, realleges, and incorporates paragraphs one (1) through fifteen (15) of the facts common to All Affirmative Defense with the same force and effect as though fully set forth herein

2. In the alternative to the other affirmative defenses and answers pled herein, CHUEH alleges by way of a plea of comparative negligence/fault that fault on the part of the plaintiff (including but not limited to negligence, assumption of the risk, or willful and wanton Misconduct) was a proximate cause of the bodily injury to person for which recovery is sought; and that, as described in 725 ILCS 5/2-116, plaintiff shall be barred from recovering Damages if the trier of fact finds that the contributory fault on the part of the plaintiff is More than 50% of the proximate cause of the injury for which recovery is sought.

3. WANG had the duty to exercise ordinary care for her own safety.

4. In breach of that duty, plaintiff failed to exercise ordinary care and committed one or more of the following negligent acts and/or omissions:

(a). Provoked physical contact with CHUEH; and/or

(b). Engaged in mutual combat with CHUEH; and/or

(c). Committed physical acts which placed CHUEH in reasonable apprehension of a receiving a battery resulting in CHUEH'S need to act in self-defense.

(d). WANG became intoxicated to a point whereby she was not acting with ordinary care.

5. If, in the alternative, a jury determines that plaintiff was injured, any jury verdict entered in favor of plaintiff should be reduced in the amount commensurate with a relative degree of fault attributable to plaintiff; further, as described in the paragraphs above, if plaintiff's negligence is determined to be more than 50-%, plaintiff should be barred from recovering any judgment against from CHUEH.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all relief requested in the Second Amended Complaint; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

**FIFTH AFFIRMATIVE DEFENSE**
**(PROXIMATE CAUSE)**

1. CHUEH repeats, realleges, and incorporates paragraphs one (1) through fifteen (15) of the Facts Common to All Affirmative Defense with the same force and effect as though fully set forth herein.

2. In the alternative to the other affirmative defenses and answers pled herein, one or more of WANG'S aforesaid acts or omissions was a proximate cause of her injuries and damages alleged in the Complaint.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all

11

relief requested in the Second Amended Complaint; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

### SIXTH AFFIRMATIVE DEFENSE
### (COMPARATIVE WILLFUL AND WANTON CONDUCT)

1. CHUEH repeats, realleges, and incorporates paragraphs one (1) through fifteen (15) of the Facts Common to All Affirmative Defense with the same force and effect as though fully set forth herein.

2. In the alternative to the other affirmative defenses and answers pled herein, at all times material, it was the duty of WANG to refrain from a course of action which showed actual or deliberate intention to harm or which, if not intentional, showed an utter indifference to or Conscious disregard for the safety of others.

3. At all times material, WANG failed to refrain from the aforementioned conduct described in the paragraphs.

4. At all times material, WANG was guilty of one or more of the following:

   (a). Willfully and wantonly hitting, striking, or threatening to hit CHUEH; and /or

   (b). Willfully and wantonly provoking CHUEH to engage in physical contact with WANG; and/or

   (c). Willfully and wantonly engaging in mutual combat with CHUEH.

5. WANG'S alleged injuries were a direct and proximate result of one or more of the foregoing acts and/ or omissions.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all relief requested in the Second Amended Complaint; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

### RESERVATION OR RIGHT TO AMEND OR SUPPLEMENT AFFIRMATIVE DEFENSE

1. CHUEH reserves the right to amend/ or supplement his affirmative defenses upon discovery of further information, in accordance with all applicable rules.

**WHEREFORE,** Defendant HOWARD CHUEH requests judgment be entered in his favor and against Plaintiff on all counts pled in her Second Amended Complaint; denying all relief requested in the Second Amended Complaint; and awarding Defendant all of his costs incurred in Defending this action, including reasonable attorney's fees as allowed by law; and providing such further and other relief that this Court of the jury deems equitable and just.

        Respectfully submitted,
        **HOWARD CHUEH, Defendant**
        /s/ Herman J. Marino_____
        by: One of his attorneys

Herman J. Marino
Herman J. Marino, Ltd., P.C.
Attorney for Howard Chueh
53 West Jackson Boulevard, Suite 1337
Chicago, Ill. 60604
312-347-9990
FAX: 312-347-9992
hjmarino@marinolaw.net